We'll turn to the next case, Singh versus Rosen. May it please the court. My name is Viswanathan Rudra Kumaran. I represent the petitioner in the instant case. There are three issues in this case. First, whether the petitioner waive any challenge to the agency's discretionary denial of motion to reopen. Second, whether the agency committed a legal error in denying the motion to reopen with respect to withholding of removal by denying the motion to reopen on discretionary grounds. Third, arguing though the motion to reopen can be denied on discretionary grounds, whether in the instant case, the agency balanced the positive and negative factors in the instant case. So first, let me address whether the petitioner waived any argument pertains to the discretionary denial. The government cited two cases, Zhang versus Gonzalez. In that case, your honor, the court said that Zhang did not mention a single word about the torture convention. Therefore, the court said that claim and the claim under the torture convention is waived. But that is not the case here. Here, even in the table of contents, statement of issues, and even the argument, the petitioner said that the court, that the agency reliance on INS versus Dorothy with respect to the denial, he said it was wrong. It was not well argued, maybe, but he just mentioned those cases. So what was the challenge to the exercise of discretion? What was it? The challenge that no, in the brief, he did not explicitly argued on that point on the discretion. He mentioned that case. He mentioned Dorothy versus INS. So my question to you is, how did he raise a challenge to the exercise of discretion? He did not explicitly talk about the discretionary aspect. If that's so, then why is it not waived? Your honor, but this court has invoked the injustice. That's a different issue. That's a different issue, even if it's waived. And is that your argument? Yes, your honor. Even if the court thinks that that was not raised, I respectfully request the court to excuse under the concepts of to prevent manifest injustice. Are you are you conceding that it was waived? No, your honor. He mentioned those cases, your honor. He repeatedly mentioned those cases. What is what is the theory? I mean, your position is that the agency did not have discretion to deny withholding of removal. Why? What is your theory? And did you say that in your brief? No, in the brief, it was it was not stated, your honor. But here I raised that argument, your honor. In the Supreme Court case, INS versus ABUDU, the Supreme Court clearly stated, your honor, that. But did you did you raise that to the agency? Did you say to the agency, you do not have discretion? Now, your client was counseled that the agency was. No, before the agency, that argument was not raised, your honor. That argument that is that argument that did that agency do not have discretion with respect to withholding of removal argument was not raised before the agency, your honor. But am I right that ABUDU is not cited in your brief to this court? It was not cited, your honor. Yes, your honor. Now, let me ask you, because we are familiar with point two, a that says the board has discretion to deny a motion to reopen, even if the party moving it has made out a prima facie case for relief. Why isn't that an indication that the board now has that discretion? Your honor, in 2013, in fact, the case cited by the respondent in the brief matter of JC, the board, even in that case, also stated, your honor, that on page 169, we are the ultimate relief is discretionary, only discretionary. A moving party must also show that a favorable discretion is warranted. This is the board even. Oh, I understand that the discretion has to be exercised. But I thought you told Judge Chin that you were arguing to us that there is no discretion was abused. Yeah, there are two arguments. So again, I want to understand your argument. Is it that they don't have discretion in the circumstances of this case? Or is it that the discretion was abused? Both arguments. And I advance both those arguments. The first argument. All right. Let's start with the let's start with whether they had discretion at all. Why does the regulation I pointed you to not not preclude you from arguing that? Well, you know, based on the case law, your honor, the BIA is against it. Based on case law, the BIA against it. Are you saying that after this regulation came in, there have been cases that still lived with a voodoo and said there was no discretion? Is that what you're saying? If you're saying it, you certainly didn't say it in your brief. Yeah, yes. In the brief, it did. It was not stated on. So that's, you know, that's a waiver issue. We generally don't hear arguments that aren't raised in the brief. And I accept, but as I stated earlier, not raised below to the agency. And it's not raised to us. I mean, how do you think that we should? Why do you think we should address this argument that's being developed here in a few minutes of argument? There are two reasons, your honor. The first is one is to prevent manifest injustice. The second, the government has argued that has raised that point in their brief, your honor. The government has raised that point. Now, if you want to talk about manifest injustice, what when we look at manifest injustice, do we look to whether the exercise of discretion, assuming that it was there, was totally wrong or whether it was OK? Because that has to be what we look at if we look at whether the doing something which let's assume for a moment was wrong, exercising discretion brought about injustice. Just one, the board agency, either the IA or the BIA did not balance the positive factors against the negative factors. He has a lot of positive factors. The wife is a U.S. citizen. There are three U.S. born children. His parents are U.S. citizens. He never left the U.S. for the last 24 years. He had an approved I-130. All those positive factors, the board did not even mention those factors. Now, can you can you just remind me, were you his lawyer before the BIA? No, I'm just only I'm representing him only in this oral argument, your honor. Yeah. Well, was he was he represented before the BIA or was he pro se? No, no. He was represented by an attorney before the BIA. OK, thank you. So the final argument is the BIA agency did not balance the factors. So therefore, after balancing, if the BIA had exercised negatively, that's fine. But here, since they did not balance the positive factors against the negative factors, your honor, our position is that the BIA abused. Arguably, there is a discretionary aspect. BIA abused his discretion, your honor. Thank you very much. We have some time for rebuttal. We'll hear from Mr. Lane. OK, thank you, Judge. Your honors, I may please the court. William Lane with the Department of Justice on behalf of the respondent. Immigration courts have always had broad discretion to deny motions to reopen immigration proceedings. That's that's not so. I would have made it clear that they didn't in all contexts. Not when you were dealing with mandatory relief. Isn't that right? Well, your honor, the first point, as the court has pointed out, we haven't had a chance to address that. So this is the first time I've been faced with that question. Well, when you say you haven't had a chance to address that, that's the established law. Well, your honor, I'm a little troubled. I'm a little troubled by the fact that neither side in its briefs argued Abudu. And you in your brief cite 1003.2 almost as a throwaway. You don't argue that it has an impact on Abudu. I mean, Abudu cites a case that talked about how there was no regulatory grant of discretion. So I would have assumed you would have argued, well, 1003.2A remedied that. But you don't. So we don't really have this brief by either side. But this is the determinative law. Yes, your honor, that regulation is determinative. We did. Apologies if we didn't. So to the extent you're arguing it, what is your argument for why there's no error here? It's not. It's not 1003.2A. That's not what you argued in your brief. Let me just add to that that you are an administrative agency. You're not a district court. The BIA is. And so we cannot simply affirm you on any other grounds that we can think of. If an error has been made under Chenery, we have to send it back to you, to the BIA, to make that argument. We don't have the capacity of saying, oh, well, if you had made that argument, you would have won. That's something that Chenery bars us, unless it's futile. But how can we say it's futile when we really don't know what the agency would have done had they known, had they not made this error? Well, your honor, we have relied. And again, what I was going to say is apologies if we didn't develop it thoroughly enough. And I couldn't develop it at all. Yes, your honor. But the BIA relied exclusively. So there are two things. Let me just set the stage, if I could, your honors. Two things. The BIA got it wrong. They went on their right to reopen or not or all sorts of things. They did not go on the question of whether ABUDU applies and whether it still applies after 103 and what the cases that come after do. They didn't do anything right. I mean, the problem for us in this case is that really neither side has made the argument that one would have to decide the case on. Or to put it more generously to you, the agency could have sub silencio been relying on 1003.2a, but we don't know that because they didn't cite it. I mean, I understand it's possible the agency having the 1003.2a discretion was relying on it, but they don't say that. Well, your honor, I would observe in response to this, and all these points are well taken, obviously, but ABUDU was from 1988. This regulation has been on the books for a while. The agency explicitly, and you can criticize the agency, obviously. Yes, yes, counsel, but if the agency had said that's what it was relying on, then the other side would have been able to say that that regulation has not been interpreted by the agency. I'm not saying it's binding on us, but it certainly seems to go that way. If that's what the agency had said, then the other side could have said, this is what the problem is. But you didn't say it, so we don't have that argument. You see our problem. Your honor, I would say, and again, it's always best to cite the regulation, agree fully on that, obviously. But what the agency did cite throughout and made abundantly clear, and which my friend on the other side obviously did not miss, was the citation, at least the citation of Doherty. Doherty makes clear that the agency has this discretion. The agency did rely on Doherty. The agency did cite ABIDU in passing. Would there be an objection from the government to a remand to let the agency decide the question of the interplay between ABIDU and 1003.2a? Absolutely, your honor, there would be an objection to that. Why? Why, if that is the issue, are you objecting to us sending it back? You know, it doesn't mean that this person wins. It just says to the agency, look at this problem that the courts have dealt with in a particular way and tell us what the agency's view on that is. Because we give deference to the agency's view, but we got to have a view to give deference to. Your honor, understood, but the Department of Justice would nevertheless oppose that. And that is because of the citation of Doherty. The agency did make clear, again, maybe not citing that regulation, but did make clear its understanding based on Doherty that the agency has broad discretion in this matter. Doherty doesn't discuss 1003.2 or ABIDU specifically. I acknowledge that it does say in there that after IRERA, where the Congress did not speak to the Attorney General's discretion, that the BIA has broad discretion conferred by the Attorney General to grant or deny a motion to reopen. Now, I understand there could be an argument that that's a reference to 1003.2A, but the Supreme Court did not say that, nor was it specifically referring to it. Let me ask you this. Has the agency, in any decision that it's rendered, discussed how 1003.2A affects the limitation recognized in ABIDU? Your honor, I can't say it offhand. I would have to look at that for you, your honor. Well, that's the question that I think we're asking you with respect to remand. If the agency wants to take the position that ABIDU recognized an exception for certain forms of relief to the discretion, 1003.2A conferred it even as to that, and Doherty seems to have approved it. Once we get the agency's perspective on that and adversarial briefing, we can decide whether it's acting within its discretion, but you can't tell us that it's ever done that. And it's troubling when you consider that after 1003.2A, courts seem to still be relying on ABIDU. Your honor, they're understood. Again, I should circle back to Doherty. Doherty itself does say that the agency has the discretion. The agency, again... I know that, but was 1003.2A at issue in that case at all? I don't know. I'm asking you. Your honor, I can check if they cited that. I don't believe the court cited it in that case. I don't think the court did. I wondered whether the underlying case involved it at all, and I don't know that. Yes, your honor. But what I'm saying, your honor, respectfully, is the agency, even though it didn't cite a particular regulation, should be able to rely on a Supreme Court precedent that says broadly an agency has discretion in this matter. But the Supreme Court didn't say that. The only thing that says that. You keep repeating the error that the agency made. The only thing that says that is the Attorney General's Regulation 103B2 or whatever. And the question of how that ties in to any number of cases that have come both before ABIDU and after this is the question that we would have to decide. Because there is a tension between how these cases have come out and what might be the language of that regulation. The language of that regulation doesn't determine necessarily, it may have spoken. You know, we'd have to do an awful lot of looking into what that regulation meant. Your honor, if I can make a last point. The agency, we believe, was properly relied on the other side did not address discretion. The other side did not file a reply brief in which it had an opportunity, even if it were caught off guard to just address discretion. So while this court, maybe it would be good to have a more fulsome decision at some point, this is not the case to do it. The other side had more than an opportunity, both in this proceeding and over the past 23 years in which it committed fraud on the immigration court. I have some further questions, your honor. That's all I have. Thank you. Thank you. We'll hear the rebuttal. I want to briefly, because in the BIA opinion, the BIA did not cite 1003.238. The BIA did not even cite that regulation. Right, but they did cite Daugherty. And Daugherty says, I mean, what the majority opinion says in Daugherty is that the board has broad discretion conferred by the attorney general to grant or deny a motion to file. So for your purposes anyway, as you argue to us, there's no discretion. You have to deal with that language in Daugherty, that they have broad discretion conferred by the attorney general. That obligated you, it seems to me, to argue that that language does not apply to your client's case for whatever reason you want to advance. But you didn't argue that. Your honor, it was not argued in the brief, but I argued before your honor. But that's too late. You know that under our precedent. That's too late. Yes. Unless you can show manifest injustice, which we've already explored with you. Okay. Yeah, just one more thing. The BIA interpreted INS versus Daugherty in matter of J.C., the case cited by the respondent. But you didn't say that language about broad discretion doesn't apply because of ABUDU. If you had said that, then we would say, it would be very easy for us to say, and the government has not reversed that. So the problem is... The Supreme Court said it in Kukuna versus Holder. I apologize. Your honor, yeah. But with respect to the INS versus Daugherty, I said in matter of J.C., the BIA interpreted otherwise. The BIA said they discretion only if the relief is discretionary. It's 2013 case, your honor. The BIA, that's how they interpreted the INS versus Daugherty. So in fact, I brought in, I started my opening statement, citing the bringing ABUDU versus INS to the court's attention. And that's all... Now, which INS case was it that you just cited from 2013? It's matter of J.G. And that's not cited in your brief either? It was, yes, your honor. It was not... You've argued this to us this morning. None of them are cited in your brief. Yes, your honor. Am I right? Yes, your honor. You are right, your honor. Yeah. But again, I just go back to my initial argument, your honor. He has two U.S. born children. He has a U.S. citizen wife. And if you take all the big picture, your honor, to prevent manifest injustice, I think the court should remind the case and allow the parties to brief fully on these issues, your honor. Thank you both. We'll reserve decision.